UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

05 11113 NMG

ALEXIS J. BURNS by and through her legal
guardian, OFFICE OF PUBLIC GUARDIAN
  Plaintiff

MAGISTRATE JUDGE Bowler

v.

HALE AND DORR LLP, WILMER
CUTLER PICKERING HALE AND DORR
LLP, HALDOR INVESTMENT ADVISORS
LIMITED PARTNERSHIP, and HALE AND
DORR CAPITAL MANAGEMENT LLC
  Defendants

CIVIL ACTION NO.

RECEIPT # 69580
AMOUNT $250
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK DWM
DATE 5/27/05

## COMPLAINT

The Plaintiff, Alexis J. Burns, by and through her legal guardian, the Office of Public Guardian ("OPG"), alleges as follows:

### Introduction

1. This complaint is brought for compensatory and punitive damages, attorney's fees, costs and prejudgment interest arising out of the defendants' negligence and breaches of their fiduciary obligations to the Plaintiff. The defendant Hale and Dorr LLP ("Hale and Dorr") was entrusted with more than $2.4 million to be invested in trust for the benefit of the Plaintiff, and Hale and Dorr agreed to create a trust to hold those funds. However, Hale and Dorr failed to establish the trust, and it allowed its agent, the defendant Haldor Investment Advisors Limited Partnership ("Haldor LP"), and Haldor LP's successor-in-interest, the defendant Hale and Dorr Capital Management LLC ("H&D Capital") to invest those funds improperly and to pay out more than $1.5 million of those funds to persons other than the Plaintiff without proper controls.

As a result of the defendants' unfair and deceptive conduct, the Plaintiff has suffered substantial damages, in that most of the trust assets have been dissipated. As the successor-in-interest to Hale and Dorr, the defendant Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer LLP") is liable for the wrongdoing of Hale and Dorr. H&D Capital is liable both for its own wrongdoing and for the wrongdoing of Haldor LP, its predecessor-in-interest. Because the defendants' wrongful conduct was knowing and willful, the Plaintiff should be awarded treble her actual damages, with interest, plus attorney's fees and expenses.

### Jurisdiction And Parties

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367.

3. The Plaintiff, Alexis J. Burns, is a resident of Kingston, New Hampshire. OPG has a usual place of business in Concord, New Hampshire. By an order of the Rockingham, New Hampshire Probate Court dated May 29, 2003, OPG was appointed to perform the duties of guardian over the Plaintiff's estate, and OPG accepted that appointment.

4. Hale and Dorr was, at all relevant times, a Massachusetts limited liability partnership registered with the Secretary of the Commonwealth pursuant to Mass. Gen. Laws, chapter 108A, with its principal place of business in Boston, Massachusetts.

5. Wilmer LLP is a Delaware limited liability partnership registered with the Secretary of the Commonwealth pursuant to Mass. Gen. Laws, chapter 108A, with a usual place of business in Boston, Massachusetts. Wilmer LLP is the successor-in-interest to Hale and Dorr.

6. Haldor LP was, at all relevant times, a Delaware limited partnership registered with the Secretary of the Commonwealth, with its principal place of business in Boston, Massachusetts.

7.  H&D Capital is a Delaware limited liability company registered with the Secretary of the Commonwealth, with its principal place of business in Boston, Massachusetts. H&D Capital is the successor-in-interest to Haldor LP.

## Background

8.  The Plaintiff is a minor and suffers from cerebral palsy that resulted from a difficult delivery at the time of her birth, in 1988.

9.  In 1992, the Plaintiff's attorney, Andrew C. Meyer, Jr. ("Meyer") of Lubin & Meyer, P.C., brought an action on behalf of the Plaintiff against physicians who were involved in the Plaintiff's delivery, alleging medical malpractice. The action was brought in the Superior Court in Suffolk County, Commonwealth of Massachusetts and captioned "Alexis J. Burns PPA, et al. v. Catherine Meltzer, M.D., et al.", with Docket No. 92-4866 (the "Lawsuit").

10. On May 4, 1999, a judgment was entered in favor of the Plaintiff in the Lawsuit. Pursuant to that judgment, sums were paid to Meyer that resulted in a net recovery for the Plaintiff, after fees and expenses, of $2,425,949.96 (the "Funds").

11. Shortly thereafter, Meyer, on behalf of the Plaintiff, entered into an agreement with Hale and Dorr to have Hale and Dorr create a so-called Special Needs Trust (the "Trust") for the benefit of the Plaintiff. Pursuant to that agreement, the Funds were to be placed in an account under the Trust and invested appropriately by Haldor LLP for the benefit of the Plaintiff. At that time, Hale and Dorr and Haldor LP were affiliated entities, and they worked closely together to provide wealth management services to their clients.

12. Attorneys at Hale and Dorr promptly drafted a declaration of trust, entitled "Alexis Janet Burns 1999 Irrevocable Trust," for the purpose of establishing the Trust. The first draft of the declaration of trust was dated May 21, 1999.

13. Under a cover letter dated May 27, 1999, Meyer delivered to John Fabiano, Esquire of Hale and Dorr a check in the amount of $2,425,949.96. In the letter, Meyer stated that the check represented "the proceeds due to the Alexis Burns Trust from the verdict" entered in the Lawsuit.

14. Also on May 27, 1999, Hale and Dorr and Haldor LLP opened an account with the name "Burns, Alexis AG" (the "Account"). The Funds were deposited to the Account.

15. In a letter dated May 27, 1999, Jeffrey E. Anthony, as Managing Director of Haldor LP, wrote to the Plaintiff's father, David Burns ("Mr. Burns"), describing the terms under which Haldor would "act as agent for the management of your investment portfolio."

16. Under the terms of the declaration of trust, as drafted and revised by Hale and Dorr, two trustees were to be appointed for the Trust: Mr. Burns, and another person who would act as an independent trustee. The trustees were to make distributions to or for the benefit of the Plaintiff during her lifetime, for the purpose of supplementing other services and benefits available to her. The declaration of trust was to be executed by Mr. Burns as declarant, and by Mr. Burns and the other trustee in their capacity as trustees.

17. However, Mr. Burns never signed the declaration of trust. Attorneys at Hale and Dorr repeatedly attempted to have Mr. Burns execute the declaration of trust, without success.

18. Nevertheless, Hale and Dorr and Haldor LP made repeated distributions of moneys to Mr. Burns from the Account. They did so without determining whether Mr. Burns would use the funds for the benefit of the Plaintiff in accordance with the terms of the Trust. They also never required Mr. Burns to document how the moneys were expended.

4

19. Between May 27, 1999 and April 22, 2003, Haldor LP and its successor, H&D Capital, disbursed from the Account to Mr. Burns, at his request, moneys totaling more than $1.5 million. Few if any of those moneys were expended for the benefit of the Plaintiff.

20. Furthermore, when Haldor LP received the Funds, it should have invested them in a conservative blend of investments with a goal of protecting the principal while generating a reasonable amount of income. Instead, Haldor LP invested the Funds almost entirely in a portfolio of stocks, and those investments suffered significant losses after May 27, 1999. As of July 31, 2003, the remaining assets held in the Account had a value of approximately $645,000.

21. In August 2003, at the direction of OPG, Hale and Dorr arranged to have the remaining assets in the Account transferred to an account at BankNorth under the control of OPG.

22. Neither Hale and Dorr nor Haldor LP nor H&D Capital ever prepared or filed tax returns for the assets held in the Account. Nor, on information and belief, did any of the defendants advise Mr. burns that tax returns were required to be filed with respect to the assets held in the Account.

## COUNT ONE
### (Negligence by Hale and Dorr)

23. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 as if set forth fully herein.

24. Hale and Dorr and its agents owed a duty of care to the Plaintiff as the intended beneficiary of the Trust and the Account. Hale and Dorr and its agents breached that duty by failing to ensure that the Trust was properly implemented, by failing to ensure that the Funds were properly invested, and by failing to ensure that the Funds were expended consistent with the purposes of the Trust and for the benefit of the Plaintiff.

25. The negligence of Hale and Dorr and its agents caused the Plaintiff to suffer substantial harm.

### COUNT TWO
### (Negligence by Haldor LP)

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if set forth fully herein.

27. Haldor LP and its agents owed a duty of care to the Plaintiff as the intended beneficiary of the Trust and the Account. Haldor LP and its agents breached that duty by failing to ensure that the Trust was properly implemented, by failing to ensure that the Funds were properly invested, and by failing to ensure that the Funds were expended consistent with the purposes of the Trust and for the benefit of the Plaintiff.

28. The negligence of Haldor LP and its agents caused the Plaintiff to suffer substantial harm.

### COUNT THREE
### (Negligence by H&D Capital)

29. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 as if set forth fully herein.

30. H&D Capital and its agents owed a duty of care to the Plaintiff as the intended beneficiary of the Trust and the Account. H&D Capital and its agents breached that duty by failing to ensure that the Trust was properly implemented, by failing to ensure that the Funds were properly invested, and by failing to ensure that the Funds were expended consistent with the purposes of the Trust and for the benefit of the Plaintiff.

31. The negligence of H&D Capital and its agents caused the Plaintiff to suffer substantial harm.

## COUNT FOUR
### (Breach of Fiduciary Duty by Hale and Dorr)

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 as if set forth fully herein.

33. Hale and Dorr and its agents owed a fiduciary duty to the Plaintiff. Hale and Dorr and its agents breached that duty by failing to ensure that the Trust was properly implemented, by failing to ensure that the Funds were properly invested, and by failing to ensure that the Funds were expended consistent with the purposes of the Trust and for the benefit of the Plaintiff.

34. The breaches of fiduciary duty of Hale and Dorr and its agents caused the Plaintiff to suffer substantial harm.

## COUNT FIVE
### (Breach of Fiduciary Duty by Haldor LP)

35. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if set forth fully herein.

36. Haldor LP and its agents owed a fiduciary duty to the Plaintiff. Haldor LP and its agents breached that duty by failing to ensure that the Trust was properly implemented, by failing to ensure that the Funds were properly invested, and by failing to ensure that the Funds were expended consistent with the purposes of the Trust and for the benefit of the Plaintiff.

37. The breaches of fiduciary duty of Haldor LP and its agents caused the Plaintiff to suffer substantial harm.

## COUNT SIX
### (Breach of Fiduciary Duty by H&D Capital)

38. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as if set forth fully herein.

39. H&D Capital and its agents owed a fiduciary duty to the Plaintiff. H&D Capital and its agents breached that duty by failing to ensure that the Trust was properly implemented, by failing to ensure that the Funds were properly invested, and by failing to ensure that the Funds were expended consistent with the purposes of the Trust and for the benefit of the Plaintiff.

40. The breaches of fiduciary duty of H&D Capital and its agents caused the Plaintiff to suffer substantial harm.

## COUNT SEVEN
### (Unjust Enrichment against Hale and Dorr)

41. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if set forth fully herein.

42. By its conduct and that of its agents, Hale and Dorr has been unjustly enriched at the expense, and to the detriment, of the Plaintiff.

43. Hale and Dorr's inequitable conduct has caused the Plaintiff to suffer damages in an amount to be determined at trial.

## COUNT EIGHT
### (Unjust Enrichment against Haldor LP)

44. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 as if set forth fully herein.

45. By its conduct and that of its agents, Haldor LP has been unjustly enriched at the expense, and to the detriment, of the Plaintiff.

46. Haldor LP's inequitable conduct has caused the Plaintiff to suffer damages in an amount to be determined at trial.

## COUNT NINE
### (Unjust Enrichment against H&D Capital)

47. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 as if set forth fully herein.

48. By its conduct and that of its agents, H&D Capital has been unjustly enriched at the expense, and to the detriment, of the Plaintiff.

49. H&D Capital's inequitable conduct has caused the Plaintiff to suffer damages in an amount to be determined at trial.

## COUNT TEN
### (Money Had and Received against Hale and Dorr)

50. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 as if set forth fully herein.

51. By its conduct and that of its agents, Hale and Dorr has had and received monies which should not in equity, justice and good conscience be retained by Hale and Dorr or its agents, and which in equity, justice and good conscience should be paid to the Plaintiff.

52. Hale and Dorr is liable to the Plaintiff for money had and received in an amount to be determined at trial.

## COUNT ELEVEN
### (Money Had and Received against Haldor LP)

53. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 as if set forth fully herein.

54. By its conduct and that of its agents, Haldor LP has had and received monies which should not in equity, justice and good conscience be retained by Haldor LP or its agents, and which in equity, justice and good conscience should be paid to the Plaintiff.

55.  Haldor LP is liable to the Plaintiff for money had and received in an amount to be determined at trial.

## COUNT TWELVE
### (Money Had and Received against H&D Capital)

56.  The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55 as if set forth fully herein.

57.  By its conduct and that of its agents, H&D Capital has had and received monies which should not in equity, justice and good conscience be retained by H&D Capital or its agents, and which in equity, justice and good conscience should be paid to the Plaintiff.

58.  H&D Capital is liable to the Plaintiff for money had and received in an amount to be determined at trial.

## COUNT THIRTEEN
### (Violations of Mass. Gen. Laws, Chapter 93A against Hale and Dorr)

59.  The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 as if set forth fully herein.

60.  At all relevant times, Hale and Dorr was engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws, chapter 93A.

61.  By its conduct and that of its agents, Hale and Dorr engaged in unfair and deceptive acts and practices in willful and knowing violation of Mass. Gen. Laws, chapter 93A.

62.  Hale and Dorr's violations of Mass. Gen. Laws, chapter 93A have occurred primarily and substantially within the Commonwealth of Massachusetts.

Hale and Dorr's unfair and deceptive acts and practices have caused the Plaintiff to suffer substantial damages.

## COUNT FOURTEEN
### (Violations of Mass. Gen. Laws, Chapter 93A against Haldor LP)

63. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 as if set forth fully herein.

64. At all relevant times, Haldor LP was engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws, chapter 93A.

65. By its conduct and that of its agents, Haldor LP engaged in unfair and deceptive acts and practices in willful and knowing violation of Mass. Gen. Laws, chapter 93A.

66. Haldor LP's violations of Mass. Gen. Laws, chapter 93A have occurred primarily and substantially within the Commonwealth of Massachusetts.

67. Haldor LP's unfair and deceptive acts and practices have caused the Plaintiff to suffer substantial damages.

## COUNT FIFTEEN
### (Violations of Mass. Gen. Laws, Chapter 93A against H&D Capital)

68. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 67 as if set forth fully herein.

69. At all relevant times, H&D Capital was engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws, chapter 93A.

70. By its conduct and that of its agents, H&D Capital engaged in unfair and deceptive acts and practices in willful and knowing violation of Mass. Gen. Laws, chapter 93A.

71. H&D Capital's violations of Mass. Gen. Laws, chapter 93A have occurred primarily and substantially within the Commonwealth of Massachusetts.

72. H&D Capital's unfair and deceptive acts and practices have caused the Plaintiff to suffer substantial damages.

## COUNT SIXTEEN
### (Successor Liability of Wilmer LLP)

73.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 72 as if set forth fully herein.

74.     As successor-in-interest to Hale and Dorr, Wilmer LLP is liable to the Plaintiff for any wrongdoing by Hale and Dorr.

## COUNT SEVENTEEN
### (Successor Liability of H&D Capital)

75.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 74 as if set forth fully herein.

76.     As successor-in-interest to Haldor LP, H&D Capital is liable to the Plaintiff for any wrongdoing by Haldor LP.

### Prayers For Relief

WHEREFORE, the Plaintiff, Alexis J. Burns, demands judgment:

1.      Against the Defendants for damages, as such damages may appear at trial, trebled pursuant to chapter 93A of the Massachusetts General Laws, with prejudgment interest;

2.      Requiring the Defendants to render to the Plaintiffs a full and complete accounting of the trust funds for each calendar year from 1999 to the present;

3.      Awarding the Plaintiff her attorney's fees and expenses in this action;

4.      Awarding the Plaintiff her costs in this action; and

5.      Granting such further relief, legal and equitable, as may be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, Alexis J. Burns, demands a trial by jury.

                         ALEXIS J. BURNS by her legal guardian,
                         OFFICE OF PUBLIC GUARDIAN

                         By her attorneys,

                         /s/ R. Alan Fryer
                         R. Alan Fryer (BBO# 180830)
                         BADGER DOLAN PARKER & COHEN
                         One State Street
                         Boston, MA  02109
                         (617) 482-3030

90720_1

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alexis J. Burns by and through her legal guardian Office of Public Guardian

(b) County of Residence of First Listed Plaintiff   Rockingham, NH
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-482-3030
R. Alan Fryer, Esq.  Badger Dolan Parker & Cohen
One State Street, 6th Floor, Boston MA 02109

**DEFENDANTS** Hale and Dorr LLP, Wilmer Cutler Pickering Hale and Dorr, LLP, Haldor Investment Advisors, LP and Hale and Dorr Capital Management LLC

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Breach of fiduciary duty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  5/27/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Alexis J. Burns v. Hale and Dorr LLP</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   *05 11113 NMG*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  <u>R. Alan Fryer, Esq.</u>
ADDRESS  <u>Badger Dolan Parker & Cohen  One State Street 6th Floor Boston, MA  02109</u>
TELEPHONE NO.  <u>617-482-3030</u>

(CategoryForm.wpd - 5/2/05)