UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS J. BURNS by and through her legal guardian, OFFICE OF PUBLIC GUARDIAN<br><br>Plaintiff,<br><br>v.<br><br>HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, and HALE AND DORR CAPITAL MANAGEMENT LLC<br><br>Defendants. | C.A. NO. 05 11113NMG |

### ANSWER OF DEFENDANTS HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, AND HALE AND DORR CAPITAL MANAGEMENT LLC

1. Defendants deny the allegations arguments and conclusions set forth in the Introduction to the Complaint.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Defendants admit that the allegations of paragraph 4 were true before in or about June 2004, but that Hale and Dorr LLP has now merged and the successor law firm is Wilmer Cutler Pickering Hale and Dorr LLP.

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit that the allegations of paragraph 6 were true as of May 22, 2001 but that Hale and Dorr Capital Management LLC is the successor in interest to Haldor.

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants admit the allegations in the first sentence of paragraph 10 of the Complaint, but have no knowledge sufficient to form a belief regarding the truth of the remaining allegations contained in the paragraph.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants admit a Trust was drafted with the first draft dated May 21, 1999 and deny the remaining allegations of paragraph 12 of the Complaint.

13. Defendants admit Hale and Dorr received a letter dated May 27, 1999 from Meyer enclosing a check for $2,425,949.96 and state that the letter is the best evidence of the statements it contains.

14. Defendants admit that David Burns opened an agency account on May 27, 1999 in which the funds were deposited, and otherwise deny the remaining allegations of paragraph 14 of the Complaint.

15. Defendants admit Jeffrey Anthony wrote a letter to David Burns dated May 27, 1999 and state that the letter is the best evidence of the statements it contains.

16. Defendants admit that Hale and Dorr drafted and revised a Trust instrument that was not, to its knowledge, executed. The draft Trust provided for Mr. Burns and another to be Trustees, and called for the signatures of Mr. Burns and that of the other trustee. Defendants further state that the draft trust instrument itself is the best evidence of its terms.

17. Defendants admit that Mr. Burns did not return the signed copy of the trust instrument, and that Hale and Dorr repeatedly tried to obtain an executed trust document from Mr. Burns, but was not successful. Defendants have no knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

18. Defendants admit that Haldor LLP distributed funds from the account at the requests of Mr. Burns, the next friend and father of the plaintiff, and deny the remaining allegations of paragraph 18 of the Complaint.

19. Defendants admit that funds were distributed from the account at the requests of David Burns, the next friend and father of the plaintiff, and that such distributions approximated $1.5 million. Defendants deny the remaining allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20, but admit that as of July 31, 2003, the account balance was approximately $640,000.

21. Defendants admit the allegations of paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in the first sentence of paragraph 20, and deny the remaining allegations of the paragraph.

23. Defendants repeat and incorporate by reference each of the responses to paragraph 1-22

US1DOCS 5260771v1

inclusive of the Complaint.

24.  Defendants deny the allegations of paragraph 24 of the Complaint.

25.  Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 25 of the Complaint.

26.  Defendants repeat and incorporate by reference each of the responses to paragraphs 1-26 inclusive of the Complaint.

27.  Defendants deny the allegations of paragraph 27 of the Complaint.

28.  Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 28 of the Complaint.

29.  Defendants repeat and incorporate by reference each of the responses to paragraphs 1-28 of the Complaint.

30.  Defendants deny the allegations of paragraph 30 of the Complaint.

31.  Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 31 of the Complaint.

32.  Defendants repeat and incorporate by reference each of the responses to paragraphs 1-31 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-34 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 37 of the Complaint.

38. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-37 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 40 of the Complaint.

41. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-40 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

USIDOCS 5260771v1

43. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial damages, but deny the remaining allegations of paragraph 43 of the Complaint.

44. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-43 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial damages, but deny the remaining allegations of paragraph 46 of the Complaint.

47. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-46 of the Complaint.

48. Defendants deny the allegations paragraph 48 of the Complaint.

49. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 49 of the Complaint.

50. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-49 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53.   Defendants repeat and incorporate by reference each of the responses to paragraphs 1-52 of the Complaint.

54.   Defendants deny the allegations of paragraph 54 of the Complaint.

55.   Defendants deny the allegations of paragraph 55 of the Complaint.

56.   Defendants repeat and incorporate by reference each of the responses to paragraphs 1-55 of the Complaint.

57.   Defendants deny the allegations of paragraph 57 of the Complaint.

58.   Defendants deny the allegations of paragraph 58 of the Complaint.

59.   Defendants repeat and incorporate by reference each of the responses to paragraphs 1-58 of the Complaint.

60.   Defendants deny the allegations of paragraph 60 of the Complaint.

61.   Defendants deny the allegations of paragraph 61 of the Complaint.

62.   Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial damages, but deny the remaining allegations of paragraph 62 of the Complaint.

63.   Defendants repeat and incorporate by reference each of the responses of paragraphs 1-62 of the Complaint.

64.   Defendants deny the allegations of paragraph 64 of the Complaint.

65.  Defendants deny the allegations of paragraph 65 of the Complaint.

66.  Defendants deny the allegations of paragraph 66 of the Complaint.

67.  Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial damages, but deny the remaining allegations of paragraph 67 of the Complaint.

68.  Defendants repeat and incorporate by reference each of the responses of paragraphs 1-67 of the Complaint.

69.  Defendants deny the allegations of paragraph 69 of the Complaint.

70.  Defendants deny the allegations of paragraph 70 of the Complaint.

71.  Defendants deny the allegations of paragraph 71 of the Complaint.

72.  Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial damages, but deny the remaining allegations of paragraph 72 of the Complaint.

73.  Defendants repeat and incorporate by reference each of the responses to paragraphs 1-72 of the Complaint.

74.  Defendants deny the allegations of paragraph 74 of the Complaint.

75.  Defendants repeat and incorporate by reference each of the responses to paragraphs 1-74 of the Complaint.

76.  Defendants deny the allegations of paragraph 76 of the Complaint.

US1DOCS 5260771v1

77.     Defendants deny any allegations which are expressed or implied in plaintiff's "Prayers for Relief" and requests that such Prayers be denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Counts 13, 14 and 15 of the Complaint fail to state a claim on which relief can be granted

### SECOND DEFENSE

The plaintiff's claim was not commenced within the prescribed time period for such claims and is therefore barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

The alleged injury suffered by the plaintiff was caused by the conduct of a person or persons other than the defendants, and defendants are not responsible for such conduct.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by waiver or, estoppel or release based on the May 27, 1999 letter

USIDOCS 5260771v1

which bars liability for losses incurred due to errors of judgment or advice given or other action, taken or not taken, in good faith.

By their attorneys,

Michael R. Heyison (BBO #232950)
Jerome P. Facher (BBO #157240)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617)526-6000

September 12, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on Sept. 12, 2005.

US1DOCS 5260771v1