UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS J. BURNS, by and through her legal guardian OFFICE OF PUBLIC GUARDIAN<br><br>                              Plaintiff,<br><br>v.<br><br>HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, and HALE AND DORR CAPITAL MANAGEMENT LLC<br><br>                              Defendants. | C.A. NO. 05 11113NMG |

**MEMORANDUM IN SUPPORT OF JOINT MOTION OF ALL DEFENDANTS FOR PARTIAL JUDGMENT ON THE PLEADINGS, ON COUNTS 13, 14, 15, 16, and 17**

I.   The Plaintiff's Failure To Serve A Demand Letter Prior To Filing Suit, Which Is A Condition Precedent To Maintaining A Chapter 93A Claim, Requires Judgment For The Defendants.

The complaint in this case was filed on May 27, 2005, but not served until September 12, 2005. The complaint attempted to plead five counts (Counts 13, 14, 15, 16, and 17) based on alleged violations of G.L. c. 93A.[1]  At the time the complaint was filed, and later when the complaint was served, there was no allegation in the complaint that a demand letter under G.L. c. 93A had been sent to the defendants and in fact, no demand letter had been sent. Thus, at the filing of the action, the undisputed facts, as alleged in the pleadings, showed that G.L. c. 93A claims were being made in Counts 13, 14, 15, 16, and 17, without the plaintiff's having fulfilled the jurisdictional requirement to serve a demand letter on the defendants. Because such a demand is required by G.L. c. 93A §9 and the case law, the complaint was clearly defective and was subject to dismissal as a matter of law. City of Boston v. Aetna Ins. Co., 399 Mass. 569,

---

[1]   Counts 16 and 17 incorporate by reference the G.L. c. 93A allegations contained in Counts 13, 14, and 15, and, therefore, are also subject to dismissal insofar as they incorporate claims under G.L. c. 93A.

574, 506 N.E.2d 106, 109 (1987) ("[t]he failure of the City to allege the sending of a demand letter is fatal to its [93A] claim").

The plaintiff moved to amend the complaint on September 13, 2005, which was four months <u>after</u> the original complaint was first filed. The Motion to Amend was allowed on October 19, 2005. In her amended complaint, the plaintiff added an allegation that <u>on August 16, 2005</u> a demand had been made on the defendants pursuant to the requirement of G.L. c. 93A. Thus, the demand letter in August 2005 followed, not preceded, the institution of suit in May, 2005.

Massachusetts G.L. c. 93A (3) clearly provides:

> At least thirty days <u>prior to the filing of any such action</u>, a written demand for relief identifying the claimant and reasonably describing the unfair or deceptive act or practice relied on and the injury suffered, <u>shall be mailed or delivered</u> to any prospective respondent.  (emphasis added)

As the statute and cases make it clear, the demand letter must actually precede the filing of a G.L. c. 93A claim. Here it did not. Although, for statute of limitations purposes, the amended complaint may relate back to the filing of the action (see Mass. R. Civ. P. 15(c) and notes thereto), the actual date of the service of the G.L. c. 93A demand letter – August 16, 2005 – is an undisputed chronological fact which cannot be changed or back-dated by an amended pleading. Whatever the relation-back effect of the amended complaint, it remains undisputed that, at the filing of this action which alleged G.L. c. 93A claims, there had been no demand letter, which is a jurisdictional prerequisite to such claims. The only demand letter that was actually sent came <u>after</u> the filing of the complaint which alleged the G.L. c. 93A violations. Because no demand letter ever was sent before the 93A claims were filed, which is required by G.L. c. 93A, §9, the amended complaint remains fatally defective and should be dismissed. See <u>Spring v. Geriatric Auth. of Holyoke, et al.</u>, 394 Mass 274, 287, 475 N.E.2d 727 (1985) (demand letter is

prerequisite to suit); Jacobs v. Eck, 1985 Mass App. Div. 206, 207 (1985) (demand letter is prerequisite to suit).[2]

Accordingly, the face of the pleadings shows that the jurisdictional requirements of G.L. c. 93A were not, and could not be satisfied by the amended complaint, and the defendants are entitled to judgment on the pleadings on Counts 13, 14, 15, 16, and 17.

II.   Counts 13, 14, 15, 16, and 17 At Most Allege Claims Based On Negligence Which Is Insufficient To State A Claim Under Chapter. 93A.

Counts 13, 14, 15, 16, and 17 all suffer from the same fatal defect: they fail to state a claim against each of the named defendants based on a violation of G.L. c. 93A. The fatal flaw in each of these counts is that the allegations do not allege any fraud, deceit or misrepresentation. At most, the allegations amount to a claim of negligence, which is not an unfair or deceptive act and does not state a claim under G.L. c. 93A. In particular, Massachusetts law is well established that, in a malpractice suit against a law firm, allegations of negligence or the failure to meet the proper standard of care do not constitute unfair or deceptive acts in violation of G.L. c. 93A. Poly v. Moylan, 423 Mass. 141, 667 N.E.2d 250 (1996); Meyer v. Wagner, 429 Mass. 410, 709 N.E.2d 784 (1999); Robinson v. Bodoff, 355 F. Supp.2d 578 (D. Mass. 2005).

In Poly v. Moylan, a lawyer and a law firm were sued for malpractice. 423 Mass 141. The evidence showed negligence in research, violation of a statutory limitation on contingent fee amount, mishandling of litigation, failure to communicate important matters to the plaintiff and other negligent acts or omissions. Such conduct was also claimed to have violated G.L. c. 93A.

---

[2]   Nor is a different result required by Tarpey v. Crescent Ridge Dairy, Inc., 47 Mass. App. Ct. 380, 713 N.E.2d 975 (1999) where the Appeals Court permitted an amendment, which added allegations both of a demand letter and G.L. c. 93A claims which had not been previously pleaded. See Tarpey, 47 Mass.App.Ct. at 382 n. 4 and 391-92. In the present case, the G.L. c. 93A claims were previously alleged in the original complaint filed May 27, 2005. Thereafter the amended complaint added the allegation of a demand which actually occurred on August 16, 2005 (an undisputed fact). Thus, there was never any demand letter which, pursuant to the statute, was required to precede the filing of the G.L. c. 93A claims. The absence of that demand is a fatal flaw in the plaintiffs' G.L. c. 93A case.

The trial court found that the negligent acts or omissions by the lawyers did not amount to unfair or deceptive practices under G.L. c. 93A and that the lawyers had not engaged in any conduct involving fraud, deceit or dishonesty. Id. at 151. The trial court dismissed the G.L. c. 93A claim and the Supreme Judicial Court affirmed.

In Meyer v. Wagner, an attorney was sued for malpractice for negligence in preparing a settlement agreement and in other aspects of his handling of his client's divorce and her claims for equitable division of property. 429 Mass 410. In her claim letter the plaintiff described the attorneys' "unfair and deceptive" acts as 1) failing to obtain adequate prejudgment security, 2) failing to protect her from the threat of bankruptcy by obtaining a reasonable settlement, 3) failing to record mortgages, 4) failing to complete asset checks, 5) failing to protect her from abuse and distress. Id. at 423.

In addition to the negligence claims, plaintiff also attempted to plead G.L. c. 93A claims based on the same conduct. The G.L. c. 93A claims were tried by the judge who found for the defendant attorney. The Supreme Judicial Court held that the trial judge had correctly ruled that "[a]n unfair or deceptive act requires more than a finding of negligence." Id. at 424. The Court further stated that its above-quoted ruling underscored the conclusion "that nothing in the plaintiff's G. L. c. 93A claims suggests an unfair or deceptive act, but instead sounds in negligence" id. at 424, and that "[n]one of these allegations appears on their face to fall within the concepts of unfair or deceptive acts," id. at 423. In the present case, the allegations in the complaint are strikingly similar in their assertions of the defendants' alleged failures to carry out their duties and meet the standards of the profession. Accordingly, the result should be the same as in Meyer and judgment for the defendants should enter.

The most recent case affirming this principle is Robinson v. Bodoff, 355 F. Supp.2d 578 (D. Mass. 2005).  In Robinson, suit was brought against the plaintiff's former attorneys and their law firm alleging that the defendants committed fraud, malpractice, breach of contract and violations of G.L. c. 93A.  On Defendant's Motion for Summary Judgment, the court held that the lawyer's conduct did not violate G.L. c. 93A because "legal malpractice (*i.e.*, the failure to conduct oneself in accordance with the standards of an average competent attorney) is a species of negligence, and negligence is not, per se, actionable under M.G.L.A. c. 93A."  Id. at 585.

Similarly, in Darviris v. Petros, 442 Mass. 274, 812 NE 2d 1188 (2004), a medical malpractice case, the Supreme Judicial Court made it clear that in cases involving legal or medical malpractice, a claim for negligent delivery of services "does not qualify for redress under . . . G.L. c. 93A," but that the allegations must concern the "entrepreneurial or business aspects" of the practice.  Id. at 278-280.  The Court found that no such conduct was alleged or proved, and affirmed the grant of summary judgment for the defendant.

Here, as in Poly, Meyer and Robinson, there are no allegations of fraud or deceit, but at best, only claims sounding in negligence.  Furthermore, as in Darviris, nothing in the allegations concerns the entrepreneurial or business aspect of law practice.  Rather, the allegations in Counts 13, 14, 15, 16, and 17 amount to no more than allegations of negligences, breach of duty, failure of duty, and breach of warranty all based on the same allegedly negligent conduct, namely that the defendants failed in their alleged duty to set up a trust or failed to supervise distributions from that trust.  The Amended Complaint contains no counts, or even any allegations, which claim fraud, deceit or misrepresentation, or which involve the business aspects of law practice.

Thus, plaintiff has pleaded seventeen counts against all defendants which allege nothing other than negligent conduct under different labels or characterizations.  These allegations and

the failure to allege in counts 13, 14, 15, 16, and 17 any fraud, deceit or misrepresentation as an unfair or deceptive act, demonstrate that such counts do not, and cannot state a claim against the named defendants for violation of G.L. c. 93A.

Because these fatal failures are apparent on the face of the pleadings this Court should enter judgment on the pleadings for all defendants as to Counts 13, 14, 15, 16, and 17.

HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, and HALE AND DORR CAPITAL MANAGEMENT LLC

By their attorneys,

/s/ Jerome P. Facher
/s/ Michael R. Heyison
/s/ Mary B. Strother
Michael R. Heyison (BBO No. 232950)
Jerome P. Facher (BBO No. 157240)
Mary B. Strother (BBO No. 631682)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

December 29, 2005

- 7 -

## CERTIFICATE OF SERVICE

      I, Mary B. Strother, hereby certify that on December 29, 2005, I caused a true copy of the foregoing Joint Memorandum in Support of Defendants' Partial Motion for Judgment on the Pleadings on Counts 13, 14, 15, 16, and 17 to be served by hand upon R. Alan Fryer; Badger, Dolan, Parker & Cohen, One State Street – Suite 600, Boston, Massachusetts  02109.

      /s/ Mary B. Strother_____
      Mary B. Strother