UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS J. BURNS by and through her legal guardian, OFFICE OF PUBLIC GUARDIAN<br>    Plaintiff<br><br>v.<br><br>HALE AND DORR LLP, et al.,<br>    Defendants | CIVIL ACTION NO. 05-11113NMG |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to F.R. Civ. P. Rule 37(a), the Plaintiff, Alexis J. Burns ("Alexis"), by and through her legal guardian, the Office of Public Guardian ("OPG"), moves the Court to enter an Order compelling the Defendants:  1) to produce the two documents listed on their privilege log; 2) to produce the time records kept by Michael Heyison that relate to the Defendants' internal investigation of the Burns matter; and 3) to produce all other documents and to answer deposition questions concerning all aspects of the Defendants' internal investigation, up to the time they ceased their representation in the Burns matter on August 22, 2003, and granting such further relief as the Court deems just.

As grounds for her motion, the Plaintiff states that:

1.     During the four years that the Defendants held funds for the benefit of Alexis, they made distributions totaling more than $1.6 million to her father, David Burns;

2.     In late April, 2003, while the Defendants continued to represent Mr. Burns, they learned that he had spent much if not all of those distributed funds for purposes other than Alexis's benefit;

3. The Defendants immediately began an internal investigation, even as they continued their representation in the Burns matter. The investigation was led by Hale and Dorr's risk management partner, Michael Heyison;

4. The Defendants' representation with respect to the Plaintiff continued until August 22, 2003, when they transferred to OPG's control the last of the remaining trust funds that the Defendants had been holding for Alexis's benefit;

5. Because the Defendants' interest in investigating their own conduct was in conflict with the interests of their client, their internal communications are not protected from discovery as privileged communications;

6. Even if the Defendants' internal communications would otherwise be privileged, they have waived any privilege by testifying as to those communications;

7. David Burns has waived any attorney-client privilege that otherwise might apply to the Defendants' representation of him;

8. Justice requires that the Plaintiff be allowed to obtain discovery relating to the Defendants' internal investigation.

In support of this motion, the Plaintiff submits herewith Plaintiff's Memorandum in Support of Her Motion to Compel Discovery.

        ALEXIS J. BURNS by her legal guardian,
        OFFICE OF PUBLIC GUARDIAN

        By her attorneys,

        /s/ R. Alan Fryer
        R. Alan Fryer (BBO# 180830)
        Dorothy M. Bickford (BBO# 566380)
        BADGER DOLAN PARKER & COHEN
        One State Street
        Boston, MA  02109
        (617) 482-3030

99671

CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1

    I HEREBY CERTIFY THAT I HAVE CONFERRED WITH COUNSEL, THAT I HAVE ATTEMPTED IN GOOD FAITH TO RESOLVE OR NARROW THE ISSUE(S), AND THAT THE PROVISIONS OF LOCAL RULE 37.1 HAVE BEEN COMPLIED WITH.

| 10/10/06 | /s/ R. Alan Fryer |
|---|---|
| Date | Signature |

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY FIRST-CLASS MAIL.

| 10/10/06 | /s/ R. Alan Fryer |
|---|---|
| Date | Signature |