UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS J. BURNS by and through her legal guardian, OFFICE OF PUBLIC GUARDIAN, <br><br> Plaintiff, <br><br> v. <br><br> HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, and HALE AND DORR CAPITAL MANAGEMENT LLC, <br><br> Defendants. | C.A. NO. 05 11113NMG |

## AFFIDAVIT OF MICHAEL R. HEYISON IN SUPPORT OF DEFENDANTS OPPOSITION TO THE MOTION TO COMPEL

1. My name is Michael R. Heyison. I am a member of the Massachusetts Bar, and admitted to practice before this Court. I make this affidavit in support of defendants' opposition to plaintiff's motion to compel.

2. I am a senior partner at Wilmer Cutler Pickering Hale and Dorr LLP (successor to Hale and Dorr LLP). I am General Counsel to the firm, Co-Chair of the Ethics Committee and Co-Chair of the litigation department's standing committee on privilege.

3. In April 2003 I served as Hale and Dorr's designated risk management partner and its internal counsel. I was also counsel for Haldor. My duties included providing legal advice and representation to personnel and management regarding threatened, potential or actual claims against the firm and Haldor, and other legal matters.

4.	In May 1999, Hale and Dorr began a legal representation of David Burns, and Mr. Burns opened an Agency Account at Haldor called "Alexis Burns Agency." In late April 2003, I was informed that Hale and Dorr and Haldor personnel had been contacted by Chief Briggs of the Kingston, New Hampshire Police Department concerning allegations that David Burns had acted improperly and in violation of the law. In a telephone call, Chief Briggs told me about allegations concerning Mr. Burns' use of funds held by Haldor in the Agency Account. I thought that there was a possibility of claims or litigation against Mr. Burns, Hale and Dorr or Haldor. As counsel for Hale and Dorr and Haldor, it was my responsibility to provide legal advice to members of Hale and Dorr and Haldor on any legal matter that might arise with respect to the allegations concerning the Agency Account. Thereafter, I represented Hale and Dorr and Haldor in connection with all matters concerning funds disbursed from the Agency Account, including requests and demands from Chief Briggs, the Office of Public Guardian ("OPG") and its counsel.

5.	I did not conduct an "investigation" of any Hale and Dorr personnel, nor was there any person to "investigate." I was not asked to make any investigation, and no report was ever requested or prepared. I was merely carrying out my duties as would be the case with any other client seeking or receiving legal advice. This included obtaining information from firm and Haldor personnel so that I could advise them and management.

6.	I have read Plaintiff's Memorandum in Support of its Motion to Compel. It is incorrect to state that Mr. Burns was not Hale and Dorr's client and that one supposedly substantiating fact was that I acceded to Ms. Aaby's request that distributions to David Burns cease and that the funds be transferred to the OPG. It was after I spoke with Chief Briggs but <u>before</u> I first spoke to Ms. Aaby that Haldor was told that no further distribution should be made. The transfer of funds was carried out only after Ms. Aaby provided me with court documents showing that the Office

- 3 -

of Public Guardian was Alexis Burns' duly appointed guardian. Neither of these circumstances altered the fact that Mr. Burns was Hale and Dorr's client when the account was established in 1999. In any event, no conflict of interest existed in 2003 between David Burns and Hale and Dorr represented by me as internal counsel.

    Signed under the penalties of perjury this 24 day of October, 2006.

_____
Michael R. Heyison