UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEXIS J. BURNS by and through her legal guardian, OFFICE OF PUBLIC GUARDIAN<br><br>Plaintiff,<br><br>v.<br><br>HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, and HALE AND DORR CAPITAL MANAGEMENT LLC<br><br>Defendants. | C.A. NO. 05 11113NMG |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

### Preliminary Statement

Plaintiff has moved for leave to file a second amended complaint adding two counts of an alleged claim for conversion, and three counts of an alleged claim for breach of contract. Plaintiff does not provide the Court with any good cause why these alleged claims, whose underlying facts were known at the time of the original complaint, were not filed within the Scheduling Order deadline for filing amendments which was January 31, 2006.

When a party moves to amend after the deadline established by the Scheduling Order, the motion is governed by Fed.R.Civ.P. 16(b) which requires that plaintiff show "good cause" to justify the neglect and delay in not filing the motion to amend earlier. See O'Connell v. Hyatt

Hotels of Puerto Rico, 357 F.3d 152, 154-155 (1st Cir. 2004).  Moreover, Local Rule 16.1(G) requires that good cause be shown by affidavits, record citations, or other evidentiary materials.  Plaintiff's motion provides no such material, cites no authority but merely recites as "grounds" general descriptions or conclusions.  None of these "grounds" satisfies the plaintiff's burden to show good cause for the delay of almost eighteen months since the original complaint and more than nine months since the deadline expired for filing amendments.  Accordingly, plaintiff has failed to show good cause, and the motion should be denied.

## Prior Proceedings

Plaintiff filed this lawsuit on May 27, 2005, nearly two years after the Office of Public Guardian assumed control over Alexis Burns's estate.[1]  The original complaint contained over seventy allegations and attempted to plead seventeen counts describing numerous claims.  On September 13, 2005, plaintiff moved to amend the complaint to cure the failure to serve a demand letter as required by G.L. c. 93A.  That amendment, filed nearly six months after the original complaint, contained no new causes of action.  On November 16, 2005, this Court entered a Scheduling Order that set January 31, 2006 as the deadline for motions to amend or supplement the pleadings.  That deadline has never been extended, nor has there been any request to do so.

On September 19, 2006, the Court adopted the parties' jointly proposed amended Scheduling Order that extended the fact discovery deadline to September 29, 2006, extended the deadlines for filing expert reports, completing expert depositions, filing dispositive motions, and

---

[1] Plaintiff's Motion For Leave To Further Amend Complaint does not represent the first time plaintiff has filed late papers in this litigation.  Although the complaint was filed on May 27, 2005, plaintiff did not serve defendants until September 12, 2005, nearly four months later.  Additionally, plaintiff, did not file a demand letter until August 16, 2005, nearly three months after filing the original complaint.

- 2 -

- 3 -

for the final pre-trial conference. At that time, plaintiff made no request to extend or revive deadline for amendments to the pleadings which had expired January 31, 2006.

Nearly eighteen months into this litigation, and near the end of voluminous fact discovery[2], plaintiff has now moved to add claims arising out the same factual nexus that plaintiff has been aware of since at least the time of filing the original complaint. The request to add these proposed claims, long after the deadline this Court established for amending the pleadings and at a time when extensive discovery is 99% complete, should not be allowed.

**Argument**

**PLAINTIFF HAS FAILED TO MEET THE BURDEN TO SHOW GOOD CAUSE FOR THE DELAY IN MOVING TO AMEND WITHIN THE TIME REQUIRED BY THE COURT'S SCHEDULING ORDER**

Where the Court has entered a Scheduling Order, and plaintiff seeks to amend, the plaintiff has the burden under Fed. R. Civ. P. 16 to show "good cause" for her failure to amend within the time period allotted by the Scheduling Order, and cannot rely on the "freely given" standard of Rule 15(a). O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154-155 (1st Cir. 2004); Berwind Property Group Inc. v. Environmental Management Group, Inc., 233 F.R.D. 62, 66 (D. Mass. 2005) (the "good cause" standard under FRCP 16(b) "emphasizes the diligence of the party seeking amendment rather than the 'freely given' standard of Rule 15(a)"). Plaintiff's assertion of "good cause" for modifying the Scheduling Order must be "supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." LR. 16.1(G).

---

[2] The parties have agreed that discovery may be extended for the purpose of plaintiff's resumption and completion of the 30(b)(6) deposition of Michael Heyison, which will occur at an agreed upon time in the near future. After the conclusion of that deposition, fact discovery will be complete.

Here, the Court entered a Scheduling Order on November 16, 2005.  Under that order, the time to file an amended complaint expired on January 31, 2006.  The Order also provided that extensions would only be granted "for good cause shown supported by affidavits, other evidentiary materials or reference to pertinent portions of the record…"  Plaintiff has never sought to extend that deadline, and all parties have proceeded to discovery knowing that the deadline has passed.

Plaintiff's Motion For Leave To Further Amend provides no legitimate explanation for the lack of diligence or the belated motion, much less the good cause that the law requires.  The proposed claims are not based on any new discovery or any factual matter that plaintiff was not aware of when the original complaint, and later the first amended complaint, were filed.  Alleged claims of conversion (of the settlement check) and breach of contract by the defendants could have been pleaded when plaintiff first brought the suit in May of 2005.  Likewise, those claims could have pleaded when plaintiff amended the complaint in October of 2005.  Instead, plaintiff has been silent for nearly eighteen months as this litigation has proceeded through seventeen depositions and nears completion of extensive fact discovery.

Nor does plaintiff's motion seek to add more particularized or newly discovered facts.  Rather, the motion seeks to add claims that plaintiff should have been aware of from the outset.  The motion concedes as much when it states "[t]he additional causes of action arises out of the same nexus of facts as the causes of action previously pleaded."  Pl. Mot. at 1.  Thus, the alleged claims which plaintiff now attempts to add have not "just become obvious," nor was plaintiff

prevented from making such claims when the original complaint or the amended complaint was filed.[3]  See Berwind, 233 F.R.D. at 67.

In addition to plaintiff's lack of diligence in moving to amend, plaintiff's motion is not supported by affidavits, record citations or other materials as Local Rule 16.1(G) and the Scheduling Order require.  Instead, plaintiff's motion recites only general descriptions and conclusions as alleged "grounds" for the belated request to amend, without a single supporting citation, and without acknowledging the Court's Scheduling Order.  But the Scheduling Order is not a "frivolous piece of paper idly entered, which [plaintiff] can cavalierly disregard without peril."  O'Connell, 357 F.3d at 155 (internal citations and quotations omitted).

This Court has denied leave to amend when confronted with very similar circumstances.  In Berwind, 233 F.R.D. at 67, this Court denied leave to amend because the plaintiffs failed to meet their burden of demonstrating a valid reason for their neglect and delay in filing their second motion to amend where: 1) the Scheduling Order was already in place, 2) fifteen months had elapsed between the time of the original complaint and plaintiffs' second motion to amend, 3) one year had elapsed between the time of plaintiffs' first amendment and the second motion to amend, and 4) the discovery period had expired.  Id.

Similarly, here, as in Berwind: 1) a Scheduling Order (setting a January 31, 2006 deadline for amending the pleadings) has been in place for over one year; 2) nearly eighteen months has elapsed between the time of the original complaint and plaintiff's second motion to

---

[3]   For example, plaintiff's Chapter 93A demand letter [Exhibit A to Proposed Second Amended Complaint] clearly indicates knowledge of the underlying facts now claimed as supporting the alleged claims for breach of contract and conversion of the check payable to David Burns, Trustee.  Similar statements showing knowledge appear in both the original and amended complaints.  See Plaintiff's Original Complaint, at ¶ 11; see also Plaintiff's First Amended Complaint, at ¶ 11.

- 5 -

amend; 3) over one year has elapsed between the time plaintiff's first amendment and the second motion to amend; and 4) discovery is near 100% completion.[4]

The period to file motions to amend expired over nine months ago. For close to eighteen months, plaintiff has been content to litigate this matter without the causes of action now being asserted. Plaintiff's motion utterly fails to provide good cause for this delay. As the Court stated in O'Connell, 357 F.3d at 155, such "indifference by [plaintiff] seals off this avenue of relief … because such conduct is incompatible with the showing of diligence necessary to establish good cause."[5] Accordingly, the Court should deny plaintiff's second motion to amend.

---

[4] In Berwind the motion to amend involved adding two defendants. The Court, in denying the motion, focused on whether the plaintiffs had met their burden to show good cause, noting that, "[t]he good cause standard under Rule 16(b) emphasizes the diligence of the party seeking amendment" and concluding that plaintiffs had not demonstrated a valid reason for their delay. Berwind, 233 F.R.D. at 66; see also, O'Connell, 357 F.3d at 155 (stating that prejudice to the defendants is not the dominant inquiry).

[5] Even under the less stringent standard found in Fed. R. Civ. P. 15(a), plaintiff would not be permitted to amend because the motion provides no valid reason for the neglect and delay. See Stephanischen v. Merchants Despatch Transp. Corp.,722 F.2d 922 (1st Cir. 1983) (plaintiff failed to explain considerable delay); Acousta-Mestre v. Hilton Int'l. P.R., 156 F.3d 49, 52 (1st Cir. 1998) (undue delay, by itself, is sufficient basis to deny leave to amend). Moreover, Courts have regularly denied leave to amend in cases where there have been shorter delays than the plaintiff's here. See e.g., Sandcrest Outpatient Serv., P.A. v. Cumberland County Hosp. System, Inc., 853 F.2d 1139, 1148 (4th Cir. 1988) (eight month delay); Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995) (fourteen month delay); Acousta-Mestre, 156 F.3d 49 (fifteen month delay); Stephanischen, 722 F.2d at 933 (seventeen month delay).

## CONCLUSION

For all the foregoing reasons, the defendants respectfully request that plaintiff's Motion for Leave to Further Amend Complaint be denied.

By their attorneys,

/s/ Jerome P. Facher
Jerome P. Facher (BBO #157240)
Mary B. Strother (BBO #631682)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Fax: (617) 526-5000

Dated: November 8, 2006

## CERTIFICATE OF SERVICE

I, Jerome P. Facher, hereby certify that I served a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint upon R. Alan Fryer, Badger, Dolan, Parker & Cohen, One State Street, Suite 600, Boston, Massachusetts on this 8th day of November, 2006 by electronic service through ECF, and by first class mail.

/s/ Jerome P. Facher
Jerome P. Facher