UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEXIS J. BURNS by and through her legal guardian, OFFICE OF PUBLIC GUARDIAN<br>    Plaintiff<br><br>v.<br><br>HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, and HALE AND DORR CAPITAL MANAGEMENT LLC<br>    Defendants | CIVIL ACTION NO. 05-11113NMG |

**ANSWER OF DEFENDANTS HALE AND DORR LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, HALDOR INVESTMENT ADVISORS LIMITED PARTNERSHIP, AND HALE AND DORR CAPITAL MANAGEMENT LLC TO SECOND AMENDED COMPLAINT**

1.     Defendants deny the allegations arguments and conclusions set forth in the Introduction to the Second Amended Complaint.

2.     Defendants admit the allegations of paragraph 2 of the Second Amended Complaint.

3.     Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Second Amended Complaint.

4.     Defendants admit that the allegations of paragraph 4 were true before in or about June 2004, but that Hale and Dorr LLP has now merged and the successor law firm is Wilmer Cutler Pickering Hale and Dorr LLP.

5.     Defendants admit the allegations of paragraph 5 of the Second Amended Complaint.

2

6. Defendants admit that the allegations of paragraph 6 were true as of May 22, 2001 but that Hale and Dorr Capital Management LLC is the successor in interest to Haldor.

7. Defendants admit the allegations of paragraph 7 of the Second Amended Complaint.

8. Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Second Amended Complaint

9. Defendants admit the allegations of paragraph 9 of the Second Amended Complaint.

10. Defendants admit the allegations in the first sentence of paragraph 10 of the Second Amended Complaint, but have no knowledge sufficient to form a belief regarding the truth of the remaining allegations contained in the paragraph.

11. Defendants deny the allegations of paragraph 11 of the Second Amended Complaint.

12. Defendants admit a Trust was drafted with the first draft dated May 21, 1999 and deny the remaining allegations of paragraph 12 of the Second Amended Complaint.

13. Defendants admit Hale and Dorr received a letter dated May 27, 1999 from Meyer enclosing a check for $2,425,949.96 and state that the letter is the best evidence of the statements it contains.

14. Defendants admit that David Burns opened an agency account on May 27, 1999 in which the funds were deposited, and otherwise deny the remaining allegations of paragraph 14 of the Second Amended Complaint.

15. Defendants admit Jeffrey Anthony wrote a letter to David Burns dated May 27, 1999 and state that the letter is the best evidence of the statements it contains.

2

16.     Defendants admit that Hale and Dorr drafted and revised a Trust instrument that was not, to its knowledge, executed. The draft Trust provided for Mr. Burns and another to be Trustees, and called for the signatures of Mr. Burns and that of the other trustee. Defendants further state that the draft trust instrument itself is the best evidence of its terms.

17.     Defendants admit that Mr. Burns did not return the signed copy of the trust instrument, and that Hale and Dorr repeatedly tried to obtain an executed trust document from Mr. Burns, but was not successful. Defendants have no knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

18.     Defendants admit that Haldor LLP distributed funds from the account at the requests of Mr. Burns, the next friend and father of the plaintiff, and deny the remaining allegations of paragraph 18 of the Second Amended Complaint.

19.     Defendants admit that funds were distributed from the account at the requests of David Burns, the next friend and father of the plaintiff, and that such distributions approximated $1.5 million. Defendants deny the remaining allegations of paragraph 19 of the Second Amended Complaint.

20.     Defendants deny the allegations of paragraph 20, but admit that as of July 31, 2003, the account balance was approximately $640,000.

21.     Defendants admit the allegations of paragraph 21 of the Second Amended Complaint.

22.     Defendants admit the allegations contained in the first sentence of paragraph 22, and deny the remaining allegations of the paragraph.

US1DOCS 6208843v1

23. Defendants repeat and incorporate by reference each of the responses to paragraph 1-22 inclusive of the Second Amended Complaint.

24. Defendants deny the allegations of paragraph 24 of the Second Amended Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 25 of the Second Amended Complaint.

26. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-26 inclusive of the Second Amended Complaint.

27. Defendants deny the allegations of paragraph 27 of the Second Amended Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 28 of the Second Amended Complaint.

29. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-28 of the Second Amended Complaint.

30. Defendants deny the allegations of paragraph 30 of the Second Amended Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 31 of the Second Amended Complaint.

32. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-31 of the Second Amended Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Second Amended Complaint.

34.     Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 34 of the Second Amended Complaint.

35.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-34 of the Second Amended Complaint.

36.     Defendants deny the allegations of paragraph 36 of the Second Amended Complaint.

37.     Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 37 of the Second Amended Complaint.

38.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-37 of the Second Amended Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Second Amended Complaint.

40.     Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but deny the remaining allegations of paragraph 40 of the Second Amended Complaint.

41.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-40 of the Second Amended Complaint.

42.     Defendants deny the allegations of paragraph 42 of the Second Amended Complaint.

US1DOCS 6208843v1

43. Defendants deny the allegations of paragraph 43 of the Second Amended Complaint.

44. Defendants are without knowledge or information sufficient to form a belief as to whether the plaintiff has suffered substantial harm, but repeat and incorporate by reference each of the responses to paragraphs 1-43 of the Second Amended Complaint.

45. Defendants deny the allegations of paragraph 45 of the Second Amended Complaint.

46. Defendants deny the allegations of paragraph 46 of the Second Amended Complaint.

47. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-46 of the Second Amended Complaint.

48. Defendants deny the allegations paragraph 48 of the Second Amended Complaint.

49. Defendants deny the allegations of paragraph 49 of the Second Amended Complaint.

50. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-49 of the Second Amended Complaint.

51. Defendants deny the allegations of paragraph 51 of the Second Amended Complaint.

52. Defendants deny the allegations of paragraph 52 of the Second Amended Complaint.

53. Defendants repeat and incorporate by reference each of the responses to paragraphs 1-52 of the Second Amended Complaint.

54. Defendants deny the allegations of paragraph 54 of the Second Amended Complaint.

55. Defendants deny the allegations of paragraph 55 of the Second Amended Complaint.

56.   Defendants repeat and incorporate by reference each of the responses to paragraphs 1-55 of the Second Amended Complaint.

57.   Defendants deny the allegations of paragraph 57 of the Second Amended Complaint.

58.   Defendants deny the allegations of paragraph 58 of the Second Amended Complaint.

59.   Defendants repeat and incorporate by reference each of the responses to paragraphs 1-58 of the Second Amended Complaint.

60.   Defendants admit that a check was drawn on the Client Funds Account of Lubin & Meyer, P.C., and state that the check is the best evidence of its terms. Defendants deny the remaining allegations of paragraph 60 of the Second Amended Complaint.

61.   Defendants admit that David Burns signed the back of the check. Defendants deny the remaining allegations of the first sentence of paragraph 61 of the Second Amended Complaint. Defendants admit the allegations contained in the second sentence of paragraph 61 of the Second Amended Complaint.

62.   Defendants deny the allegations of paragraph 62 of the Second Amended Complaint.

63.   Defendants deny the allegations of paragraph 63 of the Second Amended Complaint.

64.   Defendants deny the allegations of paragraph 64 of the Second Amended Complaint.

65.   Defendants repeat and incorporate by reference each of the responses to paragraphs 1-64 of the Second Amended Complaint.

66.   Defendants deny the allegations of paragraph 66 of the Second Amended Complaint.

67.     Defendants deny the allegations of paragraph 67 of the Second Amended Complaint.

68.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-67 of the Second Amended Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Second Amended Complaint.

70.     Defendants admit that Hale and Dorr received payment for certain services, but deny the remaining allegations of paragraph 70 of the Second Amended Complaint.

71.     Defendants deny the allegations of paragraph 71 of the Second Amended Complaint.

72.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-71 of the Second Amended Complaint.

73.     Defendants admit that Haldor received payment for certain services, but deny the remaining allegations of paragraph 73 of the Second Amended Complaint.

74.     Defendants deny the allegations of paragraph 74 of the Second Amended Complaint.

75.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-74 of the Second Amended Complaint.

76.     Defendants admit that H&D Capital received payment for certain services, but deny the remaining allegations of paragraph 76 of the Second Amended Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Second Amended Complaint.

78.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-77 of the Second Amended Complaint.

US1DOCS 6208843v1

79. Defendants deny the allegations of paragraph 79 of the Second Amended Complaint.

80. Defendants deny the allegations of paragraph 80 of the Second Amended Complaint.

81. Defendants deny the allegations of paragraph 81 of the Second Amended Complaint.

82. Defendants deny the allegations of paragraph 82 of the Second Amended Complaint.

83. Defendants admit receiving the letter attached as Exhibit A and deny the remaining allegations of paragraph 83 of the Second Amended Complaint.

84. Defendants repeat and incorporate by reference each of the responses of paragraphs 1-83 of the Second Amended Complaint.

85. Defendants deny the allegations of paragraph 85 of the Second Amended Complaint.

86. Defendants deny the allegations of paragraph 86 of the Second Amended Complaint.

87. Defendants deny the allegations of paragraph 87 of the Second Amended Complaint.

88. Defendants deny the allegations of paragraph 88 of the Second Amended Complaint.

89. Defendants repeat and incorporate by reference each of the responses of paragraphs 1-88 of the Second Amended Complaint.

90. Defendants deny the allegations of paragraph 90 of the Second Amended Complaint.

91. Defendants deny the allegations of paragraph 91 of the Second Amended Complaint.

92. Defendants deny the allegations of paragraph 92 of the Second Amended Complaint.

93.     Defendants deny the remaining allegations of paragraph 93 of the Second Amended Complaint.

94.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-93 of the Second Amended Complaint.

95.     Defendants deny the allegations of paragraph 95 of the Second Amended Complaint.

96.     Defendants repeat and incorporate by reference each of the responses to paragraphs 1-95 of the Second Amended Complaint.

97.     Defendants deny the allegations of paragraph 97 of the Second Amended Complaint.

98.     Defendants deny any allegations which are expressed or implied in plaintiff's "Prayers for Relief" and requests that such Prayers be denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counts 8 through 22 of the Second Amended Complaint each fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim was not commenced within the prescribed time period for such claims and is therefore barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

The alleged injury suffered by the plaintiff was caused by the conduct of a person or persons other than the defendants, and defendants are not responsible for such conduct.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by waiver or estoppel or release based on the May 27, 1999 letter which bars liability for losses incurred due to errors of judgment or advice given or other action, taken or not taken, in good faith.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims, including but not limited to Counts Thirteen and Fourteen, are barred by the status of one or more of the defendants as holder(s) in due course.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims, including but not limited to counts Thirteen and Fourteen, are barred because the instrument was taken by negotiation, or by transfer from a person entitled to enforce the instrument.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims for recovery, including but not limited to under counts Thirteen and Fourteen, are limited to the amount of any proceeds that were not paid out, because the defendants dealt in good faith with the instrument and its proceeds.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims, including but not limited to counts Thirteen and Fourteen, are barred by the defendants' lack of knowledge of any breach of fiduciary duty by Mr. Burns.

        Respectfully submitted,
        HALE AND DORR LLP, WILMER CUTLER
        PICKERING HALE AND DORR LLP, HALDOR
        INVESTMENT ADVISORS LIMITED
        PARTNERSHIP, and HALE AND DORR
        CAPITAL MANAGEMENT LLC

        By their attorneys,

        /s/ Mary B. Strother
        Jerome P. Facher (BBO #157240)
        Mary B. Strother (BBO #631682)
        WILMER CUTLER PICKERING
        HALE AND DORR LLP
        60 State Street
        Boston, MA 02109
        Phone: (617) 526-6000
        Fax: (617) 526-5000

Dated: May 29, 2007

## CERTIFICATE OF SERVICE

I, Mary B. Strother, hereby certify that I served a true and correct copy of the foregoing document upon R. Alan Fryer, Badger, Dolan, Parker & Cohen, One State Street, Suite 600, Boston, Massachusetts on this 29th day of May, 2007 by electronic service through ECF, and by first class mail.

        /s/ Mary B. Strother
        Mary B. Strother